FILED

**NOT FOR PUBLICATION**

OCT 25 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO V. ASUNCION, | No. 14-16804 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02307-GMN-CWH |
| v. | |
| SPECIALIZED LOAN SERVICING INC., *et al*., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted October 20, 2016[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY, District Judge.[***]

Rosario Asuncion appeals the district court's dismissal of her second amended complaint without leave to amend. Asuncion sought to quiet title to property in the state of Nevada she acquired through a loan, upon which she later defaulted. The district court dismissed her complaint because she failed to allege that she had tendered her debt obligations. We have jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1291, and we affirm.[1]

I

We review de novo the district court's dismissal of Asuncion's second amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 714 (9th Cir. 2011). Asuncion sought to quiet title under Nev. Rev. Stat. 40.010 "on the grounds that the Deed of Trust was not properly assigned." Under Nevada law, "an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Wensley v. First Nat'l Bank of Nev.*, 874 F. Supp. 2d 957, 966 (D. Nev.

---

[***] The Honorable Donald W. Molloy, District Judge for the U.S. District Court, District of Montana, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

2012) (quoting *Lalwani v. Wells Fargo Bank, N.A.*, No. 2–11–cv–00084, 2011 WL 4574338, at *3 (D. Nev. Sep. 30, 2011)). Asuncion failed to allege that she has paid the debt owed on the property. The district court correctly held, therefore, that Asuncion failed to state a claim upon which relief can be granted.

## II

We review the denial of leave to amend a complaint for abuse of discretion. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Id.* (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986)). The heart of Asuncion's complaint is the assertion that she does not need to allege that she has tendered her debt in order to succeed; she has twice amended the complaint without so alleging. The district court did not abuse its discretion in denying Asuncion yet another opportunity to amend her complaint.

**AFFIRMED.**